UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Steven Roy, Charles Wolff,
Eric Chaplin, Joel Smith,
John Gosselin, Bruce Usher,
William Johnson, and
Prayer F. Farrow,
    Plaintiffs

    v.                                    Case No. 09-cv-75-SM
                                          Opinion No. 2011 DNH 177
Commissioner, New Hampshire
Department of Corrections, et al.,
    Defendants


**O R D E R**


Plaintiff, John Gosselin, moves to reconsider the court's order enforcing the settlement in this case as to him. That motion is necessarily granted. The court's order, dated February 14, 2011, is vacated, and defendants' motion to enforce settlement will, as to Gosselin, be set down for an evidentiary hearing.

Plaintiff argues, implausibly, that he only signed the memorandum of understanding arising from the mediation sessions in this case because he was "coerced" by the mediator. He adds that, in signing, he thought that he would obtain the benefits of a "gratuitous promise" by the defendants in settlement, without having to give up his own causes of action, because the memorandum of understanding did not explicitly require dismissal of his case.

The critical points in resolving his motion, however, are not those, but these:  1) defendants expressly do not invoke plaintiff's procedural default in failing to timely object to the motion to enforce settlement; 2) plaintiff, however inarticulately, claims that he did not authorize his legal counsel, Attorney Vogelman, to settle his case on the terms described in the memorandum of understanding; and 3) plaintiff asserts that he, personally, did not agree to settle his case on the terms described in the memorandum.

Settlement agreements are in the nature of contracts and so are generally governed by state law, in this case New Hampshire law.  With regard to the enforcement of settlement agreements entered into by legal counsel on behalf of a client, New Hampshire law has been clear and firm for quite some time:  "[i]t is firmly established that action taken in the conduct and disposition of civil litigation by an attorney within the scope of his authority is binding on his client."  Halstead v. Murray, 130 N.H. 560, 565 (1988), quoting Manchester Hous. Auth. v. Zyla, 118 N.H. 268, 269 (1978).  As the New Hampshire Supreme Court noted, "[t]he authority of attorneys to make [settlement] agreements is in practice never questioned.  It is essential to the orderly and convenient dispatch of business, and necessary for the protection of the rights of the parties."  Id., quoting Beliveau v. Amoskeag Mfg. Co., 68 N.H. 225, 226 (1895).

While New Hampshire law broadly favors enforcing settlement agreements made by attorneys on behalf of clients, still "[i]f a settlement agreement has in fact been reached by counsel, the critical inquiry in determining its enforceability is whether the lawyer was authorized by the client to make the agreement." Bock v. Lundstrom, 133 N.H. 161 (1990) (citation omitted). "Whether an attorney is acting within the scope of his or her authority is a question of fact." Clark v. Mitchell, 937 F. Supp. 110, 114 (D.N.H. 1996), citing Norberg v. Fitzgerald, 122 N.H. 1080, 1082 (1982); Gauthier v. Robinson, 122 N.H. 365, 368 (1982).

Since plaintiff asserts that he did not authorize his attorney to settle his claims on the terms described, and defendants seek to enforce counsel's (as well as plaintiff's personal) agreement to do so, it is clear that plaintiff is entitled to an evidentiary hearing to determine, as a factual matter, whether he authorized his attorney to settle his case, and, as well, whether he himself agreed to settle his case, during the mediation process. See Michaud v. Michaud, 932 F.2d 77 (1st Cir. 1991).

## Conclusion

Plaintiff's motion to reconsider (document no. 57) is granted. The court's order enforcing the settlement as to plaintiff, dated February 14, 2011, is vacated. The Clerk will

schedule an evidentiary hearing on the defendants' motion to enforce settlement as to this plaintiff. Defendants bear the burden of showing that Attorney Vogelman settled the case on plaintiff's behalf and was authorized by plaintiff to do so, or, that plaintiff settled the case on his own behalf during the mediation process.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 24, 2011

cc: David P. Slawsky, Esq.
    Lawrence A. Vogelman, Esq.
    John Gosselin, pro se
    Danielle L. Pacik, Esq.
    Nancy J. Smith, Esq.
    Anne M. Edward, Esq.