UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Steven Roy, Charles Wolff,
Eric Chaplin, Joel Smith,
John Gosselin, Bruce Usher,
William Johnson, and
Prayer F. Farrow,
     Plaintiffs

     v.                                    Case No. 09-cv-75-SM
                                           Opinion No. 2012 DNH 019
Commissioner, New Hampshire
Department of Corrections; et al.
     Defendants


**O R D E R**


Defendants move to enforce a settlement of Plaintiff John Gosselin's underlying claims, a settlement to which, they say, Gosselin and his attorney agreed. Gosselin objects to the motion, claiming that he did not agree to settle his underlying claims, or, he was coerced into doing so, and that to the extent his legal counsel agreed to a settlement on his behalf, counsel was not authorized to do so. An evidentiary hearing was held on November 30, 2011.

Having heard testimony from Gosselin and his counsel, Lawrence A. Vogelman, Esq., and having considered the evidence presented, I find the following facts by a preponderance of the evidence:

1.   Attorney Vogelman represented Gosselin in the underlying civil case.

2.   Gosselin and Attorney Vogelman voluntarily participated in mediation proceedings conducted by an experienced and highly regarded mediator, William Mulvey, Esq.

3.   Before the mediation session began, Attorney Vogelman explained to Gosselin that the mediator would facilitate discussions aimed at settling his case and, if a settlement was achieved, that would end the litigation.

4.   The mediator, Attorney Mulvey, also explained to Gosselin, before mediation efforts began, that if an agreement was reached the underlying case would be over.

5.   Gosselin understood that the purpose and goal of the mediation effort was to settle his claims if possible.  As reflected in Exhibits A and F, documents prepared by Gosselin, he understood that if a settlement agreement was reached, it necessarily would include dismissal of his claims in exchange for whatever consideration he accepted from the defendants in settlement.

6.   The mediation process was successful.  The parties agreed to settle the case on terms described in Exhibit B — a handwritten Memorandum of Understanding (MOU) dated November 16, 2010.

7.   Attorney Vogelman explained the proposed settlement terms to Gosselin before Gosselin voluntarily signed the Memorandum of Understanding (Exhibit B).  Gosselin signed the MOU with knowledge that he was thereby evidencing his agreement to settle the case on those terms, and he fully understood that the pending litigation would be over — his claims would be dismissed in exchange for the consideration to be provided by the defendants.

8.   A more formal document memorializing the settlement was to be prepared and, if Attorney Vogelman found that document to be consistent with the agreed-upon terms, Gosselin was expected to sign it.  That more formal agreement was produced and Attorney Vogelman found it to be consistent and acceptable, but Gosselin refused to sign it.

9.   Attorney Vogelman also agreed to settle Gosselin's case, on Gosselin's behalf, on the terms set out in the MOU.  In doing so, Attorney Vogelman acted within the scope of his

representation of Gosselin, and with Gosselin's authorization. Gosselin well knew the terms and effect of the settlement, and well knew that Attorney Vogelman was acting on his behalf in agreeing to the settlement terms.  Gosselin was aware that Attorney Vogelman agreed to and signed the MOU, yet he raised no objection or protest, and gave no indication to anyone that Attorney Vogelman was not authorized to settle the case on his behalf.

    10.   Neither Attorney Vogelman nor the mediator, Attorney Mulvey, nor any other person, coerced, or harassed, or misled Gosselin in any respect with regard to the terms of the settlement, or the effect of his agreement to settle on the terms described in Exhibit B (i.e., the litigation would be over and his claims dismissed).

    11.   Gosselin's post-settlement claims that he was somehow "coerced" into accepting the terms set out in the MOU are rejected as not supported and not credible.  Gosselin's post-settlement claim that he did not agree to dismiss his suit, but only agreed to accept the consideration offered by defendants, with no agreement on his part to dismiss his claims, is not credible and is rejected as not true.  Gosselin understood that the point of the mediation effort was to resolve the parties'

dispute if possible, and he understood that his agreement to settle necessarily included terminating the litigation by dismissing his claims.

Under applicable law, an attorney acting within the scope of his authority can effectively settle pending litigation and bind his client to that settlement. Michaud v. Michaud, 932 F.2d 77 (1st Cir. 1991); Bock v. Lundstrom, 133 N.H. 161 (1990); Halstead v. Murray, 130 N.H. 560, 565 (1988); Manchester Housing Authority v. Zyla, 118 N.H. 268, 269 (1978). Attorney Vogelman agreed to settle Gosselin's case on the terms set out in the MOU and he agreed to dismissal of Gosselin's claims as a necessary and integral part of the agreement to settle the pending litigation, and, in doing so, he acted within the scope of his authority, thereby binding Gosselin to the settlement's terms. Gosselin also personally agreed to settle his case on the terms described in the MOU, with knowledge that "settlement" necessarily included dropping his claims in the litigation as an integral part of any settlement. Gosselin agreed to the settlement knowingly and voluntarily; he was not coerced, harassed, misled, or deceived in any manner.

The settlement agreement entered into by Gosselin and his attorney is binding and enforceable. Accordingly, the

defendants' motion to enforce the settlement by dismissing Gosselin's claims is granted.

## Conclusion

Gosselin's claims are dismissed with prejudice by reason of settlement. The court does not retain jurisdiction over the settlement agreement for future enforcement purposes. The clerk shall close this case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 25, 2012

cc: David P. Slawsky, Esq.
    Lawrence A. Vogelman, Esq.
    John Gosselin, pro se
    Danielle L. Pacik, Esq.
    Nancy J. Smith, Esq.
    Anne M. Edwards, Esq.